**Donald WINTERS, Plaintiff,**

v.

**Judge PALUMBO, George Peach, James Jones, Richard Callahan and Mr. Beck, Defendants.**

No. 80–739C(3).

United States District Court, E. D. Missouri, E. D.

Sept. 30, 1980.

---

See also, D.C., 512 F.Supp. 11.

Donald Winters, pro se.

David E. Miller, Steven R. Ohmer, Asst. Circuit Atty., Eugene H. Buder, John J. Horgan, Stephen J. Kovac, St. Louis, Mo., for defendants.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court upon motions of defendant Jones to quash service of summons and to dismiss and upon motions of defendants Peach and Palumbo to dismiss.[1]

Plaintiff is a prisoner who has filed a *pro se* complaint alleging deprivations of his civil rights in violation of 42 U.S.C. § 1983. Plaintiff claims that his rights are being violated in retaliation for his being called as a witness on behalf of Melvin Leroy Tyler. Plaintiff alleges three specific incidents

1. Defendant Beck has pleaded the failure to state a cause of action in his answer and filed a memorandum in support thereof, but he has not made a motion to dismiss.

which he maintains violate his civil rights: (1) In 1977, plaintiff negotiated an agreement with the office of the circuit attorney for the City of St. Louis. Second degree murder charges would be reduced to manslaughter, and plaintiff would receive three years. In 1978, when the circuit attorney's office learned that plaintiff was to be a witness for Tyler, it "refused to further prosecute the reduced charge and forced plaintiff to stand trial on second degree murder charges." (2) Defendant Beck, the investigator for defendant Callahan,[2] the prosecutor, threatened plaintiff "that he had better not testify for Tyler who (sic) plaintiff knew what was good for him." Consequently, plaintiff took the fifth amendment and refused to testify. (3) After his conviction, plaintiff filed a post-conviction petition charging the above violations. The petition was filed in defendant Palumbo's court in 1979. No hearing has yet been held. Plaintiff alleges that defendant Palumbo, the judge, defendant Peach, the circuit attorney, and defendant Jones, plaintiff's court-appointed lawyer, are conspiring to delay his hearing because of plaintiff's involvement in the Tyler case. Plaintiff seeks injunctive relief, although it is difficult to determine just what type of equitable relief he desires; plaintiff also requests $1,000,000 in actual damages from the prosecutor, attorney's fees, and court costs.[3]

■ Judge Palumbo moves to dismiss on two grounds: (1) judicial immunity and (2) failure to state a cause of action. It is true that the doctrine of judicial immunity applies to § 1983 actions, *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); and judicial immunity does extend to participation in a conspiracy by a judge in his judicial role, *Slavin v. Curry*, 574 F.2d 1256, 1264 (5th Cir. 1978), modified 583 F.2d 779 (5th Cir. 1978). However, this immunity is from liability for damages, not from an action for equitable relief. *Wood v. Strickland*, 420 U.S. 308, 315 n.6, 95 S.Ct.

992, 997 n.6, 43 L.Ed.2d 214 (1975); *Timmerman v. Brown*, 528 F.2d 811 (4th Cir. 1975); *United States v. McLeod*, 385 F.2d 734, 738 n.3. Plaintiff has sued defendant Palumbo not for damages, but for an injunction to end the conspiracy that is delaying his post-conviction hearing. Therefore, the action should not be dismissed on the ground of judicial immunity.

■ Defendant Palumbo's second ground for dismissal is that plaintiff's complaint is so conclusory as to be insufficient to support a claim under § 1983. A *pro se* complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Haggy v. Solem*, 547 F.2d 1363 (8th Cir. 1977). However, referring to a *pro se* complaint by a prisoner, the Eighth Circuit has held, "Broad and conclusory statements unsupported by factual allegations are not sufficient to support a cause of action under § 1983." *Ellingburg v. King*, 490 F.2d 1270, 1271 (8th Cir. 1974). *Accord, Ervin v. Ciccone*, 557 F.2d 1260 (8th Cir. 1977); *Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976); *Anderson v. Sixth Judicial District Court*, 521 F.2d 420 (8th Cir. 1975). In *Ellingburg*, the plaintiff alleged that (1) a prison employee threatened him with job demotions, (2) that he was deprived of needed medical care because of the writs he had filed, and (3) that his personal property had been confiscated. The Eighth Circuit affirmed the district court's dismissal of the case. The allegations regarding defendant Palumbo are no more specific than those in *Ellingburg*. Plaintiff asserts only that the judge, the circuit attorney, and the court-appointed defense counsel are "involved in tatics (sic) that are causing delays in the case." Accordingly, defendant Palumbo's motion to dismiss is granted.

■ Circuit Attorney Peach moves to dismiss on the grounds of (1) comity and (2) prosecutorial immunity. With regard to comity, he argues that since plaintiff has a state post-conviction relief motion pending,

---

2. Defendant Callahan has not been served with process.

3. Plaintiff seeks $1,000,000 in actual damages from the City of St. Louis, too, but he has failed to name the City as a party in this action.

he has an adequate state remedy and the federal courts should not interfere. Peach cites *Younger v. Harris*, 401 U.S. 37, 39, 91 S.Ct. 746, 748, 27 L.Ed.2d 669 (1971). *Younger* does not require dismissal in this case. In *Younger*, the plaintiff sued to enjoin the district attorney from prosecuting him. The Supreme Court held that national policy forbids federal courts to stay or enjoin pending state court proceedings except under special circumstances. Part of the rationale of *Younger* was that the plaintiff had an adequate remedy at law in that he could defend his rights by presenting his defense in the state action; thus, plaintiff would suffer no irreparable injury if denied equitable relief. In the instant case, on the other hand, it is this very opportunity to present his case that plaintiff asserts that he is being denied. Plaintiff asks that the conspiracy to delay his hearing be enjoined so that he may have his access to the state courts. In effect, plaintiff is alleging bad faith, one of the special circumstances which allow a federal court to interfere with a state court proceeding.

As regards prosecutorial immunity, a prosecuting attorney who has acted within the scope of his duties in initiating and pursuing a criminal prosecution enjoys absolute immunity from liability for damages in a § 1983 action. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). This doctrine protects defendant Peach from liability in his role in the plea-bargaining process. There are no allegations that defendant Peach instigated the threats which defendant Beck made at the time of the Tyler trial. Assuming, *arguendo*, that investigator Beck did violate plaintiff's federal constitutional rights, defendant Peach can not be held liable for the deprivation of those rights if he played no affirmative part in the deprivation. *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Any part which Peach played in the alleged conspiracy to delay the post-conviction hearing would fall within defendant Peach's prosecutorial duties since Peach is the advocate of the state of Missouri in the proceedings for state post-conviction relief sought by plaintiff. This advocacy is, in effect, an extension of Peach's prosecutorial pursuit of the criminal prosecution. Therefore, Peach enjoys absolute immunity from liability for the damages requested by plaintiff. The complaint can not be dismissed on the grounds of prosecutorial immunity, however, because the prosecutor, like the judge, enjoys no immunity from an action for equitable relief. *Slavin v. Curry, supra; Timmerman v. Brown, supra*. The Court is cognizant, however, that plaintiff's complaint fails to state a cause of action against Peach for the same reason that it fails to state a cause of action against Peach for the same reason that it fails to state a cause of action against Palumbo, i. e., it is too conclusory. *Ellingburg, supra*. Accordingly, the motion of defendant Peach to dismiss the complaint is granted.

Defendant Jones moves to quash service of summons and to dismiss for failure to state a cause of action. The Court will consider his motion to dismiss. There is ordinarily no state action to sustain a § 1983 action against a court-appointed attorney. *Reinke v. Richardson*, 279 F.Supp. 155 (E.D.Wis.1968); *Christman v. Pennsylvania*, 275 F.Supp. 434 (W.D.Pa.1967), *cert. denied* 393 U.S. 885, 89 S.Ct. 195, 21 L.Ed.2d 161 (1968). However, private persons may be sued under § 1983 when they conspire with state officials. *Slavin v. Curry, supra; Taylor v. Gibson*, 529 F.2d 709, 715 (5th Cir. 1976). But the Court grants Jones' motion to dismiss because of the conclusory nature of the complaint against him. *Ellingburg, supra*.