**Circuit Judge Pierre E. DOSTERT, Waolakadia, Harpers Ferry, West Virginia, Plaintiff,**

v.

**Honorable Richard M. NEELY, Honorable Fred H. Caplan, Honorable Sam R. Harshbarger, Honorable Thomas B. Miller and Honorable Darrell V. McGraw, Jr., in their capacity as Chief Justice and Associate Justices of the Supreme Court of Appeals of West Virginia, Charleston, West Virginia, and George W. Singleton, in his capacity as Clerk of the Supreme Court of Appeals of West Virginia; and Paul Crabtree, in his capacity as Administrative Director of the Supreme Court of Appeals of West Virginia, Charleston, West Virginia, Defendants.**

**Civ. A. No. 80–2314.**

United States District Court, S. D. West Virginia, Charleston Division.

April 22, 1982.

Circuit Judge Pierre E. Dostert, in pro. per.

Sterl F. Shinaberry, Charleston, W. Va., for defendants.

## MEMORANDUM OPINION AND ORDER

KIDD, District Judge.

Plaintiff brings this action under 42 U.S.C. § 1983 and alleges that due to the acts of the defendants he has been deprived of certain constitutional rights. The Court's jurisdiction is founded upon 28 U.S.C. § 1343(3) and (4).

Plaintiff serves as a Circuit Judge of the 23rd Judicial Circuit of the State of West Virginia. At the time this action was instituted the defendants were the five Justices of the Supreme Court of Appeals of West Virginia, the Clerk and the Administrative Director of the Supreme Court of Appeals of West Virginia, another Circuit Judge, a Magistrate of Cabell County, West Virginia, and two special prosecutors of Monongalia County, West Virginia. Plaintiff initially sought orders enjoining the defendants from proceeding with a criminal prosecution pending against him and enjoining the imposition of a disciplinary suspension and assessment of costs against him. Plaintiff's motion for a temporary restraining order was denied on July 30, 1980. On July 31, 1980, plaintiff filed a notice of appeal from the Court's decree denying the motion for a temporary restraining order and defendants filed a motion to dismiss the complaint.[1] On August 6, 1980, plaintiff filed his reply to defendants' motion to dismiss.

Of the grounds enumerated by defendants in support of their Motion to Dismiss,

1. By agreement of the parties, the appeal was dismissed, without prejudice, on September 14, 1981.

the Court found it necessary to address only the issue of abstention in its order of September 10, 1980. *Dostert v. Neely*, 498 F.Supp. 1144 (S.D.W.Va.1980). Finding a lack of any persuasive factual allegations which would support plaintiff's conclusory allegations of bad faith, harassment, and extraordinary circumstances, the Court abstained and therefore declined to enjoin the state criminal prosecutions then pending against plaintiff. That part of plaintiff's complaint which sought relief with respect to the state criminal prosecutions was dismissed without prejudice. 498 F.Supp. at 1150. The Court also abstained and declined to enjoin the imposition of the disciplinary suspension because of the unique state interest involved in disciplinary proceedings which affect state judges, the disruptive effect of federal intervention at this stage of the disciplinary proceedings, the absence of extraordinary circumstances or any conduct which arguably constituted bad faith or harassment, and the apparent constitutional propriety of the disciplinary provisions of the state Constitution and the rules promulgated under them. The case was retained upon the Court's docket but action upon the merits respecting the disciplinary proceedings was deferred until the time had passed for plaintiff to seek review in the United States Supreme Court of Appeals of the decision of the Supreme Court of Appeals of West Virginia, *West Virginia Judicial Inquiry Commission v. Dostert*, 271 S.E.2d 427 (W.Va.1980), or until appellate proceedings, if actually commenced, concluded in the United States Supreme Court.

Subsequent to that ruling, plaintiff sought and was granted leave to file an amended complaint. Plaintiff's amended complaint substitutes a claim for declaratory judgment and other appropriate relief in place of his former request for injunctive relief. The amended complaint also omits plaintiff's earlier claims against the Honorable Larry Starcher, Circuit Judge, Magistrate Alvie Qualls, Andrew G. Fusco and Thomas H. Newbraugh, special prosecutors.[2]

Plaintiff now seeks a judgment declaring Article 8, Section 8 of the West Virginia Constitution unconstitutionally vague, in conflict with other portions of the West Virginia Constitution and repugnant to the United States Constitution. Plaintiff also seeks to have the rules and regulations promulgated under Article 8, Section 8 declared unconstitutional as vague and in conflict with and repugnant to the United States Constitution. Defendants moved to dismiss the amended complaint in reliance upon the following grounds: (1) lack of subject matter jurisdiction; (2) *res judicata* and collateral estoppel; (3) lack of a justiciable controversy under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201; and (4) defendants are not "persons" within the meaning of 42 U.S.C. § 1983 and furthermore are immune from prosecution thereunder as a matter of law.[3] Plaintiff filed his Objection to Motion to Dismiss Amended Complaint and the parties have briefed the issues raised by defendants' Motion to Dismiss.[4]

I.

In ruling upon defendants' Motion to Dismiss the Court must accept as true the factual allegations in plaintiff's complaint and must construe those allegations in the manner most favorable to plaintiff. 5 Wright & Miller § 1363. As noted earlier

2. By order of October 6, 1980, all claims against these four defendants were dismissed.

3. Defendants have also moved that the Honorable Richard M. Neely be dismissed as a party on the grounds that he disqualified himself and did not participate in the state court's decision which resulted in the censure and six-month suspension without pay of plaintiff.

4. Subsequent to defendants' Motion to Dismiss, defendants filed their Answer to Amended Complaint and plaintiff filed a Rebuttal to that answer. Defendants moved to strike plaintiff's rebuttal. Plaintiff then sought leave of court to file a reply to defendants' answer. Plaintiff has also moved the court for leave to file an amended and supplemental complaint; defendants have noted their objections to this motion. Given the disposition herein on defendants' Motion to Dismiss, the Court finds it unnecessary to rule upon these subsequent motions.

in *Dostert v. Neely*, "[m]ere allegations of legal conclusions are insufficient to state a claim under § 1983; when plaintiff's factual allegations do not support the legal conclusions, the conclusions will not be accepted." (citations omitted). 498 F.Supp. at 1147.

· In setting forth the statement of pertinent facts the Court incorporates herein the statement made earlier in *Dostert v. Neely*, 498 F.Supp. at 1147–1148, and would append only a brief supplemental statement here. The factual allegations found in the amended complaint are identical to those set forth in plaintiff's original complaint; the only discernable difference found in the two pleadings lies in the type of relief requested. The Court does take judicial notice of the termination of all criminal proceedings against plaintiff in the state magistrate court.[5] The Court also notes that plaintiff's time for appealing the state court's decision, *West Virginia Judicial Inquiry Commission v. Dostert, supra*, has expired. Accordingly, there are no longer any reasons for this Court to abstain from ruling on defendants' Motion to Dismiss.

## II.

■ The Declaratory Judgment Act, 28 U.S.C. § 2201, confers no additional jurisdiction upon this Court but merely makes available to a litigant a new procedure or remedy in the federal courts where jurisdiction has already been established. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). If this Court has jurisdiction over this matter, then such rests upon 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Defendants argue that since plaintiff is essentially seeking review of a state court's disciplinary order, plaintiff cannot avoid his obligation to seek direct review in the United States Supreme Court by couching his complaints against the individual members of the Supreme Court of Appeals of West Virginia in the language of 42 U.S.C. § 1983.

This issue has not been decided by the Fourth Circuit Court of Appeals. However, a similar jurisdictional issue arises in the context of cases dealing with admission, discipline or disbarment of members of the bar. The Fourth Circuit first recognized the issue in *Richardson v. McFadden*, 563 F.2d 1130 (4th Cir. 1977) (per curiam) (en banc). *Richardson* was an action for declaratory and injunctive relief brought by four black law school graduates who had satisfied all requirements for admission to the South Carolina Bar, except that they had received failing scores on the bar examination. The students' challenge to the constitutionality of the South Carolina bar examination as applied generally to black applicants was rejected by the district court. The Court of Appeals in *Richardson v. McFadden*, 540 F.2d 744 (4th Cir. 1976), affirmed in part, reversed in part and remanded. On rehearing en banc, the Court of Appeals recognized that a jurisdictional question was raised as to whether the law examiners, in judging the intellectual fitness of applicants to practice law, performed a judicial function on behalf of the South Carolina Supreme Court so that under such precedents as *Doe v. Pringle*, 550 F.2d 596 (10th Cir. 1976), *cert. denied*, 431 U.S. 916, 97 S.Ct. 2179, 53 L.Ed.2d 277 (1977), and *MacKay v. Nesbett*, 412 F.2d 846 (9th Cir. 1969), *cert. denied*, 396 U.S. 960, 90 S.Ct. 435, 24 L.Ed.2d 425 (1969), the Court should conclude that the district court lacked subject matter jurisdiction to review the denial of admission to the bar. The court was divided on the jurisdictional issue and found it unnecessary to resolve the issue because a majority agreed that, even if the district court had subject matter jurisdiction, the proof did not support plaintiffs' claims for individual relief. *Richardson v. McFadden*, 563 F.2d at 1131.

Judge Hall, concurring in the result reached in *Richardson v. McFadden*, spoke more directly to the jurisdictional issue. After noting that exclusive jurisdiction to

---

**5.** Plaintiff entered a plea of nolo contendere to one misdemeanor and all other charges were dismissed. No appeal was filed and the time period permitted for filing such an appeal has expired.

pass upon the qualifications of bar applicants is vested in the South Carolina Supreme Court by both the state constitution and statute and that by administering the bar examination and judging the intellectual fitness of applicants to practice law, the law examiners perform a judicial function on behalf of the South Carolina Supreme Court, Judge Hall concluded that the South Carolina Supreme Court "thus exercises judicial power within the scope of its subject matter and personal jurisdiction when it acts upon the admission of applicants to the state bar." *Richardson v. McFadden*, 583 F.2d at 1132. Furthermore, given that final action on an application to the state bar is by the South Carolina Supreme Court, review of an adverse decision should be secured by petitioning the Supreme Court of the United States for certiorari. *Richardson v. McFadden*, 563 F.2d at 1133, citing *Schware v. Board of Bar Examiners of New Mexico*, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957); *Konigsberg v. State Bar of California*, 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957); *Theard v. United States*, 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957).

The issue was faced squarely by the Fourth Circuit in *Woodard v. Virginia Board of Bar Examiners*, 598 F.2d 1345 (4th Cir. 1979) (per curiam). The court held that plaintiff, who had been denied admission to the bar, could not pursue his civil rights claims in federal district court because the court lacked jurisdiction over those claims. Instead, plaintiff was required to present his grievance to the Supreme Court of Virginia and, assuming an adverse decision, he might then petition the Supreme Court of the United States for certiorari. *Woodard, supra* at 1346. At least five circuits are in accord. *Rivera v. Monge*, 587 F.2d 539 (1st Cir. 1978) (per curiam); *Grossgold v. Supreme Court of Illinois*, 557 F.2d 122 (7th Cir. 1977); *Doe v. Pringle, supra, Feldman v. State Board of Law Examiners*, 438 F.2d 699 (8th Cir. 1971); *MacKay v. Nesbett, supra. But see Tyler v. Vickery*, 517 F.2d 1089 (5th Cir. 1975), *cert. denied*, 426 U.S. 940, 96 S.Ct. 2660, 49 L.Ed.2d 393 (1976).

There are two types of constitutional challenges which are pursued by disappointed bar applicants: "The first is a constitutional challenge to the state's general rules and regulations governing admission; the second is a claim, based on constitutional or other grounds, that the state has unlawfully denied a particular applicant admission." *Doe v. Pringle, supra* at 597. Federal courts may assert jurisdiction over the first type of challenge "to ensure that generally applicable rules or procedures do not impinge on constitutionally protected rights." *Brown v. Board of Bar Examiners of State of Nevada*, 623 F.2d 605 (9th Cir. 1980). As discussed above, review of a state court's decision pertaining to an individual applicant in an original action in federal district court is precluded by the court's lack of jurisdiction. *E.g., Doe v. Pringle, supra; Brown v. Board of Bar Examiners of State of Nevada, supra.*

The rule that a disappointed bar applicant cannot avoid his obligation to seek direct review in the United States Supreme Court by filing a § 1983 action in federal district court is grounded primarily upon policy considerations. "The rule serves substantial policy interests arising from the historic relationship between state judicial systems and the members of their respective bars, and between the state and federal judicial systems." *MacKay v. Nesbett*, 412 F.2d at 846. Those same considerations are even more pertinent in the case at bar where a federal district court, while not asked to review an order of a state court relating to the admission, discipline or disbarment of a member of the bar, is instead asked to review a disciplinary matter involving a state court judge.

■ Article 8, Section 8 of the West Virginia Constitution confers upon the Supreme Court of Appeals of West Virginia the exclusive jurisdiction and power to censure, suspend or retire judges, justices or magistrates for violating the Code of Ethics. Pursuant to its inherent rule-making authority, the Court promulgated and adopted Rules of Procedure for Handling Complaints Against Justices, Judges and

Magistrates in 1976. In so doing the Court established a Judicial Inquiry Commission and Judicial Review Board. *W.Va.Code,* Appendix. Once the commission files a complaint, the board conducts a hearing and presents its written recommendation to the court. The Supreme Court of Appeals reviews the board's recommendation and makes an independent evaluation of the record transmitted to it by the board prior to determining the appropriate disposition. Rules II(A)(2) and (3); *West Virginia Judicial Inquiry Commission v. Dostert,* 271 S.E.2d at 428–429. The ultimate disposition by the Supreme Court of Appeals is clearly a judicial act and in determining the appropriate disposition that court exercises original jurisdiction. The disposition concerning plaintiff resulted in his public censure and suspension from his duties without pay for six months. And while plaintiff's complaint here sets forth a request for general declaratory relief, in reality plaintiff stands before this Court as an individual seeking relief upon an individual claim of discrimination. This Court lacks jurisdiction over such a claim; plaintiff should have sought review of the state court's decision by petitioning the United States Supreme Court.

Disciplinary action involving state judges necessarily reflects unique state interests. The Court reflected upon the extraordinary nature of the state's interest in *Dostert v. Neely, supra:*

"In declining to enjoin the imposition of the disciplinary suspension against the plaintiff, the court wishes to emphasize the extraordinary state interest in disciplinary proceedings which affect state judges. Disciplinary proceedings exist to vindicate the most fundamental of state interests, the need for a fair and impartial administration of justice for the benefit of all the state's citizens. Even the state's interest in enforcing its criminal laws for the protection of its citizens, recognized as a paramount interest in Younger and its progeny, is dependent in large measure upon the independence and integrity of the judges and lawyers who bear the responsibility for the vitality of the legal system. The West Virginia Supreme Court of Appeals' procedures for responding to questions concerning the state judiciary reflect a profound awareness of their responsibility for the judiciary's integrity, and a respect for the duty of the justices to insure the constitutional rights of their judicial compatriots while adjudicating complaints against the judiciary."

498 F.Supp. at 1154.

The state's interest in fair and impartial administration of justice would not be promoted by having federal district courts serve as overseers of the state's judicial system. Since this matter is resolved, the Court is not going to further elucidate upon the fundamental and primary question that must be considered at all stages and in every instance in cases of this nature, i.e., the question of an independent judiciary. This is so whether the state or federal judicial system is involved and at all levels of each system. Furthermore, interests of comity and federalism would not be served by federal court intervention.

Plaintiff chose not to make direct application for certiorari to the United States Supreme Court; he cannot now pursue this action which can only be viewed as an "indirect" appeal of issues raised before and decided by the Supreme Court of Appeals of West Virginia.

### III.

Even if this Court were to find that it had jurisdiction over this matter, the Court is of the opinion that other considerations would require dismissal of plaintiff's complaint.

■ Defendants have urged the Court to dismiss plaintiff's complaint because defendants are not "persons" within the meaning of 42 U.S.C. § 1983 and because they are protected by the doctrine of judicial immunity. The Court is not persuaded by this argument. Judges, as § 1983 defendants, are absolutely immune from money damages for acts performed in their judicial capacities. *Pierson v. Ray,* 368 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967);

*Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). While the question has not been decided by the United States Supreme Court, the law of this circuit clearly holds that judges are not immune from equitable and declaratory relief under 42 U.S.C. § 1983. *Timmerman v. Brown*, 528 F.2d 811 (4th Cir. 1975); *Fowler v. Alexander*, 478 F.2d 694 (4th Cir. 1973).[6]

■ While dismissal is not warranted on grounds of judicial immunity, defendants have also predicated their motion upon the doctrines of *res judicata* and collateral estoppel. The Supreme Court of Appeals of West Virginia ordered the censure of plaintiff and a six month suspension without pay on June 19, 1980. Plaintiff's petition for rehearing was denied on June 30, 1980. As noted in *Dostert v. Neely, supra,* plaintiff admitted in oral argument that he could have raised, and did raise, all his constitutional objections in the hearings before the Judicial Review Board and the Supreme Court of Appeals. Considerations of *res judicata* and collateral estoppel would require dismissal of this action. *Blankner v. City of Chicago*, 504 F.2d 1037 (7th Cir. 1974); *Mastracchio v. Ricci*, 498 F.2d 1257 (1st Cir. 1974); *Thistlethwaite v. City of New York* 497 F.2d 339 (2nd Cir. 1974). The constitutional issues here were raised in the Supreme Court of Appeals. Plaintiff cannot now relitigate those issues.

Accordingly, it is hereby ORDERED that defendants' Motion to Dismiss be, and the same hereby is, granted; it is further ORDERED that this action be stricken from the Court's docket.

Judgment shall be entered in accordance herewith.

---

**6.** The United States Supreme Court has decided that judges may be held liable in their enforcement capacities when the judges have independent authority to *initiate* disciplinary proceedings against attorneys. Under those circumstances, declaratory and injunctive relief may be appropriate. *Supreme Court of Virginia v. Consumers Union of the United States,* 446 U.S. 719, 100 S.Ct. 1967, 64 L.Ed.2d 641 (1980). The West Virginia Supreme Court of Appeals does not initiate disciplinary proceedings under Article VIII, Section 8 of the West Virginia Constitution; the Court acts only after the Judicial Review Board has filed its written recommendation.