911 F.2d 721
 17 Fed.R.Serv.3d 295
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Pierre E. DOSTERT, Plaintiff-Appellant,
v.
Sam R. HARSHBARGER, Justice of the Supreme Court of Appeals
of the State of West Virginia, Darrell V. McGraw, Justice of
the Supreme Court of Appeals of the State of West Virginia,
Thomas E. McHugh, Justice of the Supreme Court of Appeals of
the State of West Virginia, Thomas B. Miller, Justice of the
Supreme Court of Appeals of the State of West Virginia,
Richard Neely, Justice of the Supreme Court of Appeals of
the State of West Virginia, William Brotherton, Justice of
the Supreme Court of Appeals of the State of West Virginia,
Paul Crabtree, Administrative Director of the West Virginia
State Courts, State of West Virginia, Defendants-Appellees.
 No. 89-2453.
 United States Court of Appeals, Fourth Circuit.
 Argued April 5, 1990.
Decided July 18, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Dennis Raymond Knapp, Senior District Judge. (CA-88-578-2)
 Brian David Yost, Holroyd, Yost & Merical, Charleston, W.V. (Argued), for appellant; Frederick F. Holroyd, II, Holroyd, Yost & Merical, Charleston, W.V., on brief.
 Ricklin Brown, Bowles, Rice, McDavid, Graff & Love, Charleston, W.V. (Argued), for appellees; Judith P. Thomas, Bowles, Rice, McDavid, Graff & Love, Rudolph L. Di Trapano, Lonnie C. Simmons, Di Trapano & Jackson, Charleston, W.V., on brief.
 S.D.W.Va.
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 Before ERVIN, Chief Judge, PHILLIPS, Circuit Judge, and MARVIN J. GARBIS, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 In this action, the appellant, Pierre E. Dostert, alleges that the appellees, present and former justices of the Supreme court of Appeals of West Virginia ("the supreme court") and the supreme court's Administrative Director, Paul Crabtree ("Administrator Crabtree"), violated 42 U.S.C. Sec. 1983 in denying his disability retirement benefits. The district court dismissed the claim, finding that the individual appellees were protected by judicial immunity. The court further awarded Rule 11 sanctions against Dostert. For the reasons discussed below, we find that Dostert's claim was barred both by the doctrine of res judicata and by the appellees' judicial immunity. We also hold, however, that the district court's findings were insufficient to support an award of sanctions under Rule 11 and remand for further consideration on the issue of attorneys' fees.
 
 I.
 
 2
 Dostert was elected judge of the 23rd Judicial Circuit of the State of West Virginia and began serving in that capacity in 1977. During the ensuing eight years of his term in office, he was embroiled in controversies involving his conduct both outside of and in the course of his official duties.
 
 
 3
 On April 27, 1984, Dostert was found guilty of criminal contempt by a jury in Circuit Court of Kanawha County, West Virginia. Following this conviction, Administrator Crabtree filed a complaint with the Judicial Investigation Commission ("the Commission") pursuant to Rule II(J)(1) of the Rules of Procedure for the Handling of Complaints Against Justices, Judges and Magistrates (Supp.1984).[1] The Commission found that probable cause existed and filed a complaint with the supreme court, which scheduled a hearing on the matter. Before the hearing, Dostert requested a leave of absence from his judicial duties because of medical problems allegedly resulting from stress arising from the discharge of his official duties.
 
 
 4
 The supreme court learned of Dostert's request and ordered Administrator Crabtree to intervene in the disciplinary proceedings so that a complete determination could be reached on all issues involving Dostert. After a hearing on September 12, 1984, the court, in a published opinion, remanded the case to the Judicial Hearing Board ("the Board") to determine, inter alia, whether Dostert "should not continue to perform his judicial duties as a retired judge as the result of his 'advancing years and attendant physical or mental incapacity.' " In re Dostert, 324 S.E.2d 402, 424 (W.Va.1984) (quoting W.Va.Const. art. VIII, Sec. 8). The Board had jurisdiction to recommend disability retirement if it found Dostert should not continue his judicial duties and if Dostert was otherwise eligible for benefits.
 
 
 5
 Following an evidentiary hearing before the Board in which Dostert and the Commission were both represented by counsel, the Board recommended to the supreme court that Dostert "be considered retired from his judicial duties as of June 11, 1984, due to his attendant physical incapacity" and be awarded judicial disability benefits.
 
 
 6
 On October 28, 1986, following an evaluation of the written record in the disciplinary proceedings and consideration of legal memoranda filed, the supreme court, reviewing the record de novo, rejected the recommendation of the Judicial Hearing Board and dismissed all proceedings involving Dostert, including his request for disability retirement benefits. Dostert filed a petition for hearing before the supreme court, which was denied.
 
 
 7
 Thereafter, Dostert filed this section 1983 action in federal court alleging that the supreme court violated his due process rights in denying his disability retirement benefits. The defendants moved to dismiss the case on numerous grounds. Defendant Justice Miller, who had not participated in any of the decisions complained of by Dostert, also filed a counterclaim for abuse of process. All defendants sought Rule 11 sanctions against Dostert and his counsel for institution of this action.
 
 
 8
 The district court granted defendants' motions to dismiss on October 12, 1988. The court found "no basis under the facts to support the theory advanced by plaintiff that the acts of defendants were in any sense of the word administrative in nature," and therefore, acting in their judicial capacity, they were absolutely immune from civil liability. Further, the court held that Administrator Crabtree "act[ed] only for and at the direction of the Court in his administrative capacity. He exercise[d] no independent or discretionary function" and therefore could not have acted to violate Dostert's rights. The court deferred ruling on defendants' motion for attorneys' fees pending further development of the facts and issues.
 
 
 9
 On June 28, 1989, the court granted defendants' Rule 11 motions and awarded $5,694.97 to Justice Miller, and $26,629.59 to the remaining defendants. Dostert now appeals from these orders.
 
 II.
 
 10
 After reviewing the long and winding road of litigation between Dostert and the justices of the Supreme Court of Appeals of West Virginia, we conclude that Dostert's claims are barred by the doctrine of res judicata. This suit is Dostert's second section 1983 action against various justices. Dostert filed the first suit in 1980 requesting the district court to enjoin his criminal contempt trial and disciplinary suspension. In a published opinion, Judge Copenhaver refused to grant injunctive relief because of the Younger abstention doctrine.[2] Dostert could still appeal the supreme court's decision regarding his disciplinary suspension to the United States Supreme Court. Dostert v. Neely, 498 F.Supp. 1144, 1154 (S.D.W.Va.1980).
 
 
 11
 After Dostert decided not to appeal, he returned to federal district court again to pursue his 1983 claim for declaratory relief. In another written opinion, the district court, Judge Kidd presiding, again held that it lacked jurisdiction over Dostert's suit. Dostert v. Neely, 537 F.Supp. 912, 917 (S.D.W.Va.1982), aff'd, No. 82-1743 (4th Cir. March 8, 1984). The court concluded: "[Dostert] should have sought review of the state court's [disciplinary] decision by petitioning the United States Supreme Court." Id. at 917. Because he chose not to appeal, the court found that he could not pursue a civil rights action as a form of "indirect" appeal. Moreover, because Dostert could have and did raise all his constitutional objections in the hearings before the Board and the supreme court, "[c]onsiderations of res judicata and collateral estoppel ... require[d] dismissal of this action." Id. at 918.
 
 
 12
 Even though Dostert's section 1983 claim in the present case arises from a different supreme court decision, namely the denial of disability retirement benefits, he is in exactly the same procedural posture as he was when his first section 1983 case was dismissed on res judicata grounds. As the United States Supreme Court has held, a previous state court judgment has the same preclusive effect in an action under section 1983 that it has in state courts. See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 85 (1984), cited in Dostert, No. 82-1743, slip op. at 3.
 
 
 13
 The due process claims that Dostert raises in this action were presented, or could have been presented, to the Judicial Hearing Board whose proceedings were reviewed by the Supreme Court of Appeals of West Virginia. Although the parties to the state proceeding and the present action are not identical, they are certainly in privity. In the state proceedings, the adverse party was the Judicial Investigation Commission; in the federal case, the adverse parties are the supreme court and its officers. In both instances, the adverse parties represented a common principal, the state, in discharging their respective functions in the same proceedings. See 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 4458, at 504-07 (1981). Therefore, the present action is barred by the well-established principles of res judicata. See generally White v. SWCC and Bethlehem Mines Corp., 164 W.Va. 284, 262 S.E.2d 752, 756 (1980) (general rules of res judicata applied in West Virginia).
 
 III.
 
 14
 Even if this suit was not barred by res judicata, the district court correctly held that the appellees' judicial immunity defeats Dostert's claims. Dostert's sole legal authority in this action was Forrester v. White, 484 U.S. 219 (1988). In Forrester, a state court judge was sued under 42 U.S.C. Sec. 1983 for his decision to dismiss a probation officer. The judge had the authority to hire and appoint probation officers with the attendant authority to remove them from office, at his discretion. The probation officer's conduct was not before the judge in connection with any personnel or disciplinary procedure in which the judge served in a judicial capacity. Rather, the judge, as her employer, found her work unsatisfactory and released her from employment. The probation officer alleged that she was demoted and discharged on account of her sex.
 
 
 15
 The United States Supreme Court applied these facts to a "function" test, focusing on the nature of the function performed rather than the identity of the actor performing it, to determine if the judge was entitled to absolute immunity. Id. at 224. The court concluded that the judge was not entitled to absolute immunity for his decisions to demote and discharge Forrester because he was acting in an administrative capacity at that time.
 
 
 16
 The district court below found Forrester to be easily distinguishable from the present case, and we agree; the court's actions in this case were clearly judicial. In an earlier decision, the Supreme Court noted two considerations in determining whether an act by a judge was "judicial" (and thus protected by immunity): first, whether the function is normally performed by a judge, and, second, whether the parties dealt with the judge in his judicial capacity. Stump v. Sparkman, 435 U.S. 349, 362 (1978). In the present case, Dostert appeared before the supreme court justices as a litigant. The justices interpreted the applicable statutes and regulations and applied them to Dostert's situation in judicial opinions. Even assuming that the supreme court is the "administrative head" or even the "employer" of state circuit court judges, there is no doubt that the supreme court acted in its judicial capacity in denying Dostert his disability retirement benefits.
 
 
 17
 In addition, the district court's finding that Administrator Crabtree was only acting as directed by the supreme court is correct. There is no evidence that he violated Dostert's rights in any way.
 
 IV.
 
 18
 Dostert also appeals from the award of attorneys' fees under Rule 11.[3] The district court awarded Justice Miller $5,694.97 and awarded the other defendants a combined total of $26,629.59.[4] In its opinion, the court explained its reason for granting sanctions:
 
 
 19
 The Court is disturbed by the course of events herein and is cognizant of the narrow distinction between the zealous protection of one's individual rights and the pursuit of a frivolous and harassing lawsuit. Further, the complaint fails to state even an argument attempting to extend, modify, or reverse the existing law. Dostert and his attorneys should have known that the Justices of the West Virginia Supreme Court were entitled to judicial immunity and the State of West Virginia entitled to sovereign immunity. The court has grave reservation[s] as to the propriety of the conduct of plaintiff and counsel and finds that their actions with respect to the defendants were without any factual or legal foundation, thereby mandating the imposition of Rule 11 sanctions....
 
 
 20
 .............................................................
 
 
 21
 ...................
 
 
 22
 * * *
 
 
 23
 The decision whether to impose sanctions pursuant to Rule 11 is within the sound discretion of the trial court and the court's decision should be reversed only if it is a clear abuse of discretion. Cooter & Gell v. Hartmarx Corp., 57 U.S.L.W. 4763, 4769 (U.S. June 11, 1990); Fahrenz v. Meadow Farm Partnership, 850 F.2d 207, 210 (4th Cir.1988). As the Supreme Court very recently noted, an erroneous view of the law or a clearly erroneous assessment of the evidence or legal arguments would necessarily be an abuse of discretion. Cooter & Gell, 57 U.S.L.W. at 4769.
 
 
 24
 In the present case, after carefully studying the record, we cannot agree with the district court's finding that Dostert did not "state even an argument attempting to extend, modify, or reverse the existing law." Although his attempted application of Forrester to the facts of this case stretches the holding in that decision much too far, his legal arguments do propose an extension of that established precedent that is not beyond the realm of credibility. Therefore, the district court's determination that Dostert made no "argument attempting to extend ... the law" was clearly erroneous. This error was an abuse of discretion, and, as a result, we must reverse the award of sanctions under Rule 11.[5]
 
 
 25
 Nevertheless, like the district court, we too are "disturbed by the course of events herein" and have "grave reservation[s] as to the propriety of the conduct of plaintiff and counsel" in this case. Dostert's complaints have been considered by the West Virginia Supreme Court, not once but twice, by three different United States district judges, and now twice by this court. Our opinion in this case affirms the dismissal of his complaint on exactly the same res judicata grounds applied by another panel of this court six years ago. This ongoing litigation war has consumed considerable judicial resources and has forced the appellees to expend money, time, and energy in their defense.
 
 
 26
 Under the inherent power of the court to supervise and control its own proceedings, an exception to the American Rule regarding attorneys' fees has evolved which permits the court to award reasonable attorneys' fees to the prevailing party when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." F.D. Rich Co. v. United States ex rel. Industrial Lumber Co., 417 U.S. 116, 129 (1973). Awards under this exception may be against the losing party or his attorney. See, e.g., Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir.1986), cert. denied, 480 U.S. 918 (1987).
 
 
 27
 Even though the appellees moved for attorneys' fees only under Rule 11 and not under this "bad faith exception," it is within the inherent powers of the district court to award fees sua sponte.[6] Roadway Express, Inc. v. Piper, 447 U.S. 752, 765-67 (1980). Because the district court below grounded its award of fees in Rule 11, it had no reason to make findings of bad faith for an award under this exception; however, we believe there is substantial evidence in the record to support such a finding.
 
 
 28
 Realizing that issues involving sanctions are usually best resolved by the trial court, see Rossman v. State Farm Mut. Auto Ins. Co., 832 F.2d 282, 290 (4th Cir.1987), we remand this case to the district court for it to make whatever findings it deems appropriate and supported by the record concerning whether Dostert, in pursuing this action, acted in bad faith or for the purpose of harassment. If the court finds bad faith or harassment, these findings can serve as an appropriate basis for an award of attorney's fees.
 
 IV.
 
 29
 For the reasons discussed above, we affirm the district court's dismissal of this action, reverse its award of sanctions under Rule 11, and remand for further consideration of attorneys' fees.
 
 
 30
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 [1]
 Rule II(J)(1) of the Rules of Procedure for the Handling of Complaints Against Justices, Judges and Magistrates (Supp.1984), provides:
 Upon information and belief that a Judge has been indicted or otherwise charged with a serious offense, has engaged in some breach of, or is not performing in accordance with the Judicial Code of Ethics, or has violated or become unable to perform, or refuses to perform, his legal obligations, the Court Administrator, or his designate, independent of the Court, may immediately initiate and file a complaint setting forth such information with Counsel for the Commission. Upon receipt of such complaint, Counsel for the Commission shall cause an immediate investigation to be made of the facts and circumstances surrounding such incident.
 
 
 [2]
 See Younger v. Harris, 401 U.S. 37 (1971) (federal courts should not intervene in state court proceedings unless the refusal to intervene would result in great and immediate irreparable injury to the federal plaintiff)
 
 
 [3]
 Under Rule 11 the signature of an attorney or party signifies that
 to the best of the signer's knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation....
 Fed.R.Civ.P. 11.
 
 
 [4]
 Dostert also contends that the district court erred in awarding sanctions without requiring counsel to submit an itemized statement of the hours expended on the case and the hourly rate. Such a requirement is not mandated by Rule 11 itself, and we are unaware of any authority in this circuit to support this position. The court did explicitly find that the defendants' affidavits submitted in support of their Rule 11 motion represented a "fair and reasonable amount" of attorneys' fees. This finding is supported by the record and is sufficient
 
 
 [5]
 Although Rule 11 sanctions may be granted if the district court finds that the suit was brought "for any improper purpose, such as to harass," it did not expressly make a finding of improper purpose in its opinion
 
 
 [6]
 A district court can also award attorneys' fees under Rule 11 "upon its own initiative."