955 F.2d 41
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Barbara A. MURPHY, Plaintiff-Appellant,
v.
Gregory A. WEEKS, Judge, Cumberland County, Defendant-Appellee.
 No. 91-7721.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 17, 1991.
Decided Feb. 25, 1992.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CA-91-548)
 Barbara A. Murphy, appellant pro se.
 E.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Barbara Murphy, a North Carolina prisoner, appeals from an order of the district court dismissing her action under 28 U.S.C. § 1915(d) (1988). Because Murphy has not adequately particularized her complaint, we affirm the judgment of the district court, but modify the order dismissing the case to a dismissal without prejudice.
 
 
 2
 Murphy brings this 42 U.S.C. § 1983 (1988) action seeking declaratory relief and an injunction compelling Judge Gregory Weeks, a North Carolina state judge, to produce a transcript of state court proceedings for use in post-conviction proceedings. She claims that she has a "particularized need" for the requested transcript. Citing the defendant's absolute immunity for his actions in the furtherance of his judicial office, the district court dismissed Murphy's complaint under § 1915(d).
 
 
 3
 As a state judicial officer, Judge Weeks enjoys absolute immunity from liability for monetary damages for his actions in the furtherance of his judicial office. See Stump v. Sparkman, 435 U.S. 349 (1978); Timmerman v. Brown, 528 F.2d 811, 813-14 (4th Cir.1975). This immunity, however, does not extend to actions for declaratory and injunctive relief. See Pulliam v. Allen, 466 U.S. 522, 540-42 (1984); Timmerman, 528 F.2d at 814. Actions for injunctive relief against state circuit judges are authorized under § 1983. 466 U.S. at 540.
 
 
 4
 However, on the merits of this complaint, Murphy is not entitled to relief. A state is not required to provide an indigent prisoner with a free transcript of state proceedings for use in preparing a collateral attack on a conviction unless she can demonstrate particularized need for it. See Jones v. Superintendent, Virginia State Farm, 460 F.2d 150 (4th Cir.1972), cert. denied, 410 U.S. 944 (1973). Murphy's complaint does not explain why she needs a transcript to pursue her action for post-conviction relief. Because Murphy must explain why she needs a transcript printed at government expense to state a cognizable claim, we affirm the dismissal of Murphy's complaint. Nevertheless, pursuant to our authority under 28 U.S.C. § 2106 (1988), we modify the district court's disposition to be a dismissal without prejudice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED AS MODIFIED.