477 F.2d 601
 5 Fair Empl.Prac.Cas. 1178, 5 Empl. Prac.
Dec. P 8593
James Lewis JOHNSON et al., Appellants,
v.
CAPITOL CITY LODGE NO. 74, FRATERNAL ORDER OF POLICE, an
unincorporated association, by its President,
Raymond W. Spradling, Appellee.
 No. 72-2452.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 2, 1973.
Decided May 1, 1973.
 
 Timothy N. Barber, Charleston, W. Va., for appellants.
 Before SOBELOFF, Senior Circuit Judge, and FIELD and WIDENER, Circuit Judges.
 SOBELOFF, Senior Circuit Judge:
 
 
 1
 The appellants are five black members of the police force of Charleston, West Virginia. They brought this class action, pursuant to 42 U.S.C. Sec. 1983, alleging that the Capitol City Lodge No. 74, Fraternal Order of Police, discriminated against blacks in its membership selection process. By stipulation of the parties, the transcript of evidence taken in an administrative hearing before the West Virginia Human Rights Commission was adopted as the evidentiary record and the case was submitted to Judge Knapp of the Southern District of West Virginia for decision. The District Court made both findings of fact and conclusions of law. The appellants now appeal only those aspects of the District Court's decision that relate to remedy.
 
 
 2
 In order to place this case in perspective, it is first necessary to review briefly some of the unchallenged findings of the lower court. The Lodge in question, ostensibly a private fraternal organization, provides a variety of social and recreational activities for its members. But the Lodge also has several visible public functions. By statute the organization appoints one member of the City of Charleston's three-member police civil service commission. See W.Va. Code Ann. Secs. 8-14-7, 8-14-10 thru 14 (1969). This commission promulgates the regulations that govern entrance into and advancement within the Charleston police department. This commission also may conduct investigations of the police department and to this end may subpoena witnesses. Additionally, the Lodge appoints three members of the five-member commission which supervises the operation of police department sick-leave policy and investigates individual sick-leave applications. The sick-leave committee may select doctors to examine police department members and take appropriate action regarding abuse of sick-leave policy by police officers.
 
 
 3
 The Supreme Court has said that the presence of two elements is necessary in order to maintain successfully a section 1983 action. First, the plaintiff must have suffered deprivation of a right secured by the Constitution and laws of the United States; and second, this deprivation must be the result of action taken by the defendant "under color of law." See Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).
 
 
 4
 In the instant case, the District Court found that the Lodge had deprived appellants and others of their class of membership solely on the basis of race. The system of exclusion was institutionalized in a rule which permitted five members to veto the application of any prospective member. The District Court also found that the defendant Lodge was operating under "color of law." We agree both that the Lodge has pursued a discriminatory membership policy and that the Lodge and police department are so closely entwined as to fulfill the state action requirement of Adickes. The record indicates that the Capitol City Lodge functions as an integral part of the over-all operation of the Charleston police department, exercising supervisory authority and quasi-judicial power over essential aspects of the careers of all Charleston policemen.
 
 
 5
 Despite the District Court's finding of both racial discrimination and state action, affirmative relief was refused. The court merely ordered the Lodge to cease its discriminatory membership policy, while at the same time leaving the five-man-veto provision intact. This action is reminiscent of the mother who gave her daughter permission to go swimming but in the same breath admonished her not to go near the water.[1]
 
 
 6
 To refuse affirmative relief on a record such as this would not only result in a miscarriage of justice but would also invite further litigation. Courts have the power and duty to fashion affirmative relief so as to provide an effective federal remedy where federal law is violated. The Supreme Court said in Louisiana v. United States, 380 U.S. 145, 154, 85 S.Ct. 817, 822, 13 L.Ed.2d 709 (1965): "We bear in mind that the court has not merely the power but the duty to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future."
 
 
 7
 The Court has since followed this rationale in upholding judicially ordered assignment of students on a racial basis in order to eradicate the vestiges of previous discrimination. See Swann v. Charlotte-Mecklenburg Bd. of Educ., 402 U.S. 1, 28, 91 S.Ct. 1267, 28 L.Ed.2d 554 (1971).
 
 
 8
 Only affirmative relief can insure with certainty that the effects of the Lodge's past discrimination will be eliminated. Until there are a significant number of blacks who are members of the Lodge, there can be no guarantee that the five-man-veto rule will not continue to function as a convenient cover for discrimination. We agree with the action of the Fifth Circuit which in Adams v. Miami Police Benevolent Assoc., Inc., 454 F.2d 1315 (5 Cir.), cert. den., 409 U.S. 843, 93 S.Ct. 42, 34 L.Ed.2d 82 (1972), approved affirmative relief under similar circumstances. The District Court here should have ordered the Lodge to abandon its five-man-veto rule entirely and to accept forthwith as members all police officers currently in good standing on the Charleston police force.[2]
 
 
 9
 Accordingly, we remand so that the District Court may grant appellants affirmative relief consistent with this opinion.
 
 
 10
 Remanded with instructions.
 
 
 
 [1]
 Mother, may I go out to swim?
 Yes, my darling daughter;
 Hang your clothes on a hickory limb And don't go near the water.
 Anonymous, Familiar Quotations by John Bartlett (14th ed.), 1103a.
 
 
 [2]
 There are currently 141 white police officers on the force, all of whom are members, and 11 black policemen of which only three are Lodge members