459 F.Supp. 406 (1978)
Thelma ADKINS, Plaintiff,
v.
James C. ADKINS and Ernest Ferguson, Defendants.
Civ. A. No. 76-0274-H.
United States District Court, S. D. West Virginia, Huntington Division.
November 6, 1978.
*407 Joseph G. Martorella, Huntington, W. Va., for plaintiff.
Kenneth H. Fisher, Huntington, W. Va., for defendants.

MEMORANDUM OPINION AND ORDER
HADEN, District Judge.
Plaintiff brought the above styled civil action pursuant to 42 U.S.C. § 1983 and *408 1985(2) to recover damages from James C. Adkins acting as Justice of the Peace for the Stonewall District of Wayne County, West Virginia, and Ernest Ferguson, acting as Constable for the said Stonewall District. Plaintiff has alleged that Defendants conspired to deny her Constitutional rights by illegally, unlawfully and under color of statute causing Plaintiff to be arrested, tried and incarcerated. Plaintiff has further alleged that Defendant, James C. Adkins, was acting without authority of law in that he was not qualified to serve in the aforesaid office, and that Defendant, Ferguson, knowing that Defendant Adkins was not so qualified did, nevertheless, conspire with Defendant Adkins to deny her rights by acting as aforesaid.
Presently pending before this Court is a motion to dismiss on behalf of Defendant, James C. Adkins. In support of his motion, Defendant contends that the complaint shows upon its face that, at all times mentioned in the complaint, Defendant was acting as a Justice of the Peace of the State of West Virginia and is, therefore, immune from liability under the judicial immunity doctrine.
The doctrine of judicial immunity is well established in our judicial system and was recently reaffirmed in the case of Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). The doctrine holds that judges are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. Bradley v. Fisher, 13 Wall. 335, 80 S.Ct. 335, 20 L.Ed. 646 (1872). Inasmuch as Justices of the Peace or Magistrates are judicial officers of the State, the protection of the doctrine has been afforded to them as well. Timmerman v. Brown, 528 F.2d 811 (4th Cir. 1975). The doctrine has also been held applicable to suits brought pursuant to 42 U.S.C. § 1983. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).
The doctrine is qualified in only one respect. A judge will be subject to liability only when he has acted in the clear absence of all jurisdiction. Stump, supra.
Assuming, as the Court must for purposes of ruling on the motion, that Plaintiff's allegations are true, the Court finds that Defendant had no jurisdiction as a Justice of the Peace, his office having been vacated by an order of the Wayne County Commission. Any actions undertaken by Defendant as a Justice of the Peace after entry of the order would necessarily have been in the "clear absence of all jurisdiction." Therefore, this Court finds that the doctrine of judicial immunity is not available to Defendant as an affirmative defense to Plaintiff's allegations.
Defendant's authority to act as a Justice of the Peace having been revoked, it follows that his actions cannot be considered to be those of a state official acting under color of law. His acts must be said to have been nothing more than those of a private individual. Such a finding raises the question of whether this Court has jurisdiction in this matter, and it is incumbent upon the Court to inquire into its jurisdiction to resolve constitutional claims, even in the absence of an appropriate motion by Defendant. City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); Davis v. Licari, 434 F.Supp. 23 (D.C. D.C.1977).
There are two essential elements to a claim under 42 U.S.C. § 1983. First, Plaintiff must show that Defendant deprived her of a right secured by the Constitution and the laws of the United States; and second, that Defendant acted under the color of state law. Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The requirement of conduct under color of law can normally be satisfied only in the case of an action brought against a state official. Padover v. Gimbel Bros., Inc., 412 F.Supp. 920 (E.D.Pa.1976). It does not reach purely private conduct. District of Columbia v. Carter, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613, rehearing denied, 410 U.S. 959, 93 S.Ct. 1411, 35 L.Ed.2d 694.
*409 An action may be maintained, however, against private individuals under 42 U.S.C. § 1983 and 1985(2) where they have jointly engaged with state officials in the prohibited action. "To act `under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents." Adickes v. S. H. Kress & Co., 398 U.S. 144, 152, 90 S.Ct. 1598, 1605-06, 26 L.Ed.2d 142, 150 (1970), quoting United States v. Price, 383 U.S. 787, 794, 86 S.Ct. 1152, 1157, 16 L.Ed.2d 267, 272 (1966).
In Count I of the complaint Plaintiff alleged that Defendant acted in concert and cooperated with Defendant, Ernest Ferguson, in denying her Constitutional rights. It is uncontroverted that Defendant Ferguson was a lawful constable and, as such, a state official acting under the color of law. Therefore, this Court finds that the complaint sufficiently states a claim against Defendant Adkins upon which relief can be granted.
As to Count II of Plaintiff's complaint alleging a conspiracy under 42 U.S.C. § 1985(2), the Court finds that Plaintiff has alleged sufficient grounds to state a claim under this section. Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); Sykes v. State of California (Dept. of Motor Vehicles), 479 F.2d 197 (9th Cir. 1974).
For the foregoing reasons it is hereby ORDERED that Defendant's motion to dismiss be and the same is hereby, denied.
Defendant has ten (10) days from and after receipt of this Order to serve upon the Court a responsive pleading.