Steve P. COGAR, Plaintiff,

v.

Elmer D. STRICKLER, Defendant.

Civ. A. No. 83–5243.

United States District Court,
S.D. West Virginia,
Beckley Division.

Sept. 13, 1983.

Steve P. Cogar, pro se.

Carl F. Stucky, Jr., Steptoe & Johnson, Charleston, W.Va., for defendant.

MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

The Plaintiff brings this Section 1983 action against the Honorable Elmer D. Strickler, a judge of the Circuit Court of Nicholas County, West Virginia, to recover monetary damages for an alleged deprivation of his civil rights. Currently pending before the Court is the Defendant's motion for judgment on the pleadings, pursuant to *Rule* 12(c), Federal Rules of Civil Procedure. After having thoroughly considered the aforementioned motion, the Court hereby grants the same and directs the Clerk to remove this action from the Court's docket.

### I. *Plaintiff's Allegations*

The Plaintiff alleges that Judge Strickler violated his civil rights by denying him access to the Nicholas County Grand Jury from which the Plaintiff desired to seek indictments against two individuals who he alleges attempted to murder him within the jurisdiction of Nicholas County, West Virginia.

### II. *Judicial Immunity*[1]

As early as 1872, the Supreme Court recognized that:

---

1. Inasmuch as the Court has disposed of this action on the basis of judicial immunity, the Court need not determine whether the Plaintiff has alleged a deprivation of a cognizable right under federal substantive law. *See Tucker v. Duncan,* 499 F.2d 963, 965 n. 1 (4th Cir.1974). *Compare Leeke v. Timmerman,* 454 U.S. 83, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981) and *Linda*

"[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself. Liability to answer to everyone who might feel himself aggrieved by the action of the judge, would be inconsistent with the possession of this freedom, and would destroy that independence without which no judiciary can be either respectable or useful. As observed by a distinguished English judge, it would establish the weakness of judicial authority in a degrading responsibility.

The principle, therefore, which exempts judges of courts of superior or general authority from liability in a civil action for acts done by them in the exercise of their judicial functions, obtains in all countries where there is any well-ordered system of jurisprudence. It has been the settled doctrine of the English courts for many centuries, and has never been denied, that we are aware of, in the courts of this country. It has, as Chancellor Kent observes, 'a deep root in the common law.'

Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed. The purity of their motives cannot in this way be the subject of judicial inquiry."

*Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872).

In *Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), the Supreme Court held that the enactment of Section 1 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, did not abolish the common law doctrine of the immunity of judges from liability for damages for acts committed in their judicial jurisdiction. More recently, when discussing the scope of judicial immu-

nity in the context of a 1983 action, the Supreme Court stated:

"[T]he scope of the judges' jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subjected to liability only when he has acted in the 'clear absence of all jurisdiction.'

\*    \*    \*    \*    \*    \*

A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.

\*    \*    \*    \*    \*    \*

The relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."

*Stump v. Sparkman,* 435 U.S. 349, 356–57, 359, 362, 98 S.Ct. 1099, 1104–05, 1106, 1107, 55 L.Ed.2d 331 (1978).

In construing the doctrine of judicial immunity in light of the Supreme Court's decision in *Stump,* this Court has previously recognized that "[t]he doctrine is qualified in only one respect. A judge will be subject to liability [for monetary damages] only when he has acted in the clear absence of all jurisdiction." *See Adkins v. Adkins,* 459 F.Supp. 406, 408 (S.D.W.Va.1978). When ruling on the motion at bar, therefore, the Court is only confronted with the issue of whether Judge Strickler acted in the clear absence of all jurisdiction when he denied the Plaintiff access to the Nicholas County Grand Jury.

In West Virginia, "an individual citizen-complainant has a ... right to appear before a grand jury to present evidence of an alleged offense." *See State ex rel Miller v.*

*R.S. v. Richard D.,* 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973) ("[I]n American Jurisprudence ..., a private citizen lacks a judicially cognizable interest in the prosecution ... of another.") *with State ex rel Miller v. Smith,* 285 S.E.2d 500 (W.Va.1981).

*Smith,* 285 S.E.2d 500, 507 (W.Va.1981) (construing W.Va. Const. Art. III, § 17). The West Virginia Supreme Court of Appeals has held that an individual may exercise this right "by [making an] application to the circuit judge, whose duty is to ensure access to the grand jury . . . ." *Id.* at 505.[2] On the basis of the West Virginia Supreme Court of Appeals' holding in *Smith,* this Court cannot find that Judge Strickler acted in the clear absence of all jurisdiction when he denied the Plaintiff's application to appear before the Nicholas County Grand Jury. The Court concludes, therefore, that the Defendant is absolutely immune from monetary damages[3] in this action.

Accordingly, the Court hereby grants Defendant's motion for judgment on the pleadings and ORDERS that this action be dismissed, pursuant to 28 U.S.C. § 1915(d).

---

**2.** As a result of its ruling in *Smith,* the West Virginia Supreme Court of Appeals subsequently recognized that "in West Virginia there are fewer impediments to frivolous criminal prosecutions than there are perhaps elsewhere." *See Powers v. Goodwin,* 291 S.E.2d 466, 473 (W.Va.1982).

**3.** While the Supreme Court has not addressed the issue, *Supreme Court of Virginia v. Consumers Union of the United States,* 446 U.S. 719, 735, 100 S.Ct. 1967, 1976, 64 L.Ed.2d 641 (1980), the Fourth Circuit has held that the doctrine of judicial immunity does not bar injunctive and declaratory relief under Section 1983. *See Timmerman v. Brown,* 528 F.2d 811

(4th Cir.1975), *reversed on other grounds sub nom Leeke v. Timmerman,* 454 U.S. 83, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981). In the case at bar, however, the Court finds that injunctive and declaratory relief would be unavailable to the Plaintiff who "is simply dissatisfied" with Judge Strickler's adverse ruling. *Cf., Wilkins v. Rogers,* 581 F.2d 399, 405 (4th Cir.1978). "[I]t appears 'beyond doubt [, therefore,] that the plaintiff can prove no set of facts in support of his claim which would entitle him to [any] relief' " in this action. *See, Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.) *cert. denied* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978).