Grace Catherine WOLFE, an incompetent, by her next friend, Peggy HEDGES, Plaintiff,

v.

Henry C. BIAS, Jr. and Sylvia O. Allinder, Defendants.

Civ. A. No. 84–2339.

United States District Court, S.D. West Virginia, Charleston Division.

Dec. 20, 1984.

Leland T. Sloan, Burgess & Sloan, St. Albans, W.Va., for plaintiff.

Henry C. Bias, Jr., Gerald R. Lacy, Charleston, W.Va., for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Now pending is the Plaintiff's application of November 21, 1984, to reconsider this Court's ruling granting summary judgment in favor of the Defendants Henry C. Bias, Jr. and Sylvia O. Allinder. The Court granted the Plaintiff's October 31, 1984,

motion to set aside summary judgment entered on behalf of the Defendants on October 25, 1984. The Court now considers anew the propriety of summary judgment in favor of the Defendants in light of the Plaintiff's argument and documentation. The Defendants have raised two issues which render the Plaintiff's cause problematic. First, the Court will consider whether the Plaintiff Peggy Hedges has standing to prosecute this action on behalf of Grace Catherine Wolfe. Second, the Court will consider whether the Defendants have acted under the color of state law as is required in order to maintain an action under 42 U.S.C. § 1983.

■ As a general rule, a federal court cannot appoint a guardian ad litem in an action in which the infant or incompetent already is represented by someone considered appropriate under the law of the forum state. *Developmental Disabilities Advocacy Center, Inc. v. Melton,* 689 F.2d 281 (1st Cir.1982); *Doe v. Exon,* 416 F.Supp. 716 (D.Neb.1975). It has been further held that the decision of whether a person should be appointed rests with the discretion of the Court, and the Court is not obligated to blindly accept the Plaintiff's assertion that she acts as the incompetent's next friend. *Melton,* 689 F.2d at 285.

*Rule* 17(c), Federal Rules of Civil Procedure, states:

"Whenever an infant or incompetent has a representative, such as a general guardian, committee, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person."

If the incompetent *does* have a duly appointed committee, then the second sentence of *Rule* 17(c), which allows infants or incompetents to proceed by a next friend, does not apply. Further, the Court is obligated to abide by the State's determination of who shall represent the incompetent. The district court's power to appoint under *Rule* 17(c) should not be used to circumvent the mandate in *Rule* 17(b) to observe

state law. 6 Wright & Miller, *Federal Practice and Procedure*, § 1571 (1971).

■ *W.Va.Code*, § 27–11–1 governs the appointment of committees for incompetents. It involves an evidentiary hearing, the appointment of counsel for the purported incompetent, and at least a supportive affidavit by a duly licensed physician. Here, the state has devised a process to determine who shall represent the incompetent.[1] The Court will not circumvent the unchallenged procedure of the state for determining who may represent the incompetent. Finally, *W.Va.Code*, § 56–4–9 allows only infants to sue by next friend, not incompetent persons.

In the instant case, Sylvia O. Allinder has been duly appointed the committee for Grace Catherine Wolfe pursuant to *W.Va. Code*, § 27–11–1. The Plaintiff does not challenge the constitutionality of the appointment process itself. Finally even if the Court were inclined to allow someone other than Sylvia O. Allinder to proceed on behalf of Grace Catherine Wolfe, for reasons that will appear later in this opinion, the appointment of Peggy Hedges would not be appropriate.

■ A second problem which is addressed by the Defendants' motion for summary judgment[2] is the failure of the Plaintiff to create any genuine issue of material fact with respect to a basic element in § 1983 actions. At a minimum the Supreme Court has required two elements in order to show a cause of action for Section 1983 actions. The first is that the Plaintiff must suffer a deprivation of a right secured by the Constitution and laws of the United States; and, secondly, the deprivation must be taken by the Defendant under the color of state law. *Johnson v. Capitol City Lodge No. 74, Fraternal Order of Police*, 477 F.2d 601, 602 (4th Cir.1973). While the color of law element does not require that the person be a government official, prevailing in a state proceeding does not confer state action upon the successful party. *Dennis v. Sparks*, 449 U.S. 24, 27–28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980). The Plaintiff's argument that Defendant Bias acted under the color of state law by reason of his membership in the state bar association, (Plaintiff's Motion to Reconsider, filed October 31, 1984, at p. 5) is without merit. *Sumpter v. Harper*, 683 F.2d 106, 108 (4th Cir.1982) (the fact that the state licenses individuals to practice, in this case a doctor, does not impute state action to the practitioner's conduct). The Plaintiff's case against Allinder is derivative of that maintained against Defendant Bias (Plaintiff's Motion to Reconsider filed October 31, 1984, at p. 7) and must fail for the same reason. Aside from Defendant Bias' membership in the state bar, the Plaintiff has not come forward with any facts which would put in issue the question of whether the Defendants acted under the color of state law. Conclusory allegations that the Defendants acted under color of state law will not suffice. *District 28, United Mine Workers of America v. Wellmore Coal Corp.*, 609 F.2d 1083, 1086 (4th Cir.1979); *Henzel v. Gerstein*, 608 F.2d 654, 659 (5th Cir.1979); *Newman v. Bloomingdale's*, 543 F.Supp. 1029, 1032–33 (S.D.N.Y.1982). In particular, representation of a successful adverse party in state litigation does not give rise to state action. *Lugar v. Edmondson Oil Co., Inc.*, 639 F.2d 1058, 1065 (4th Cir.1981); *Wilkins v. Rogers*, 581 F.2d 399, 405 (4th Cir.1978).

In the documentation which the Plaintiff submits to support her position, the Plain-

1. *W.Va.Code*, § 27–11–4 states the duty of the committee in this regard:

"The committee appointed for any such person unable to manage his business affairs shall take possession of his estate, and may sue or be sued in respect thereto, and for the recovery of debts due to and from such person. The committee shall preserve such estate and manage it to the best advantage, shall apply the personal estate, or so much thereof as may be necessary to the payments of debts of such person. . . ."

2. The Defendants' motion was filed as a motion to dismiss, but, as noted in this Court's Opinion entered October 25, 1984, the consideration of matters not in the pleading makes the motion one for summary judgment.

tiff submits an affidavit of her attorney [3] in the present action, and apparently in actions in state court, which shows that Bias was retained by Allinder, that Bias intervened at a hearing held before the Kanawha County Mental Hygiene Commissioner after the Commissioner had stated orally that he would allow Hedges to take Wolfe to her home in Columbus, Ohio, that Allinder was out of state at the time, that the Commissioner reversed his opinion after Bias' intervention, that Wolfe's own attorney agreed that Wolfe should be at least temporarily committed for examination, that a physician testified that such examination was necessary, and that the state hospital refused to give Hedges custody of Wolfe. The Plaintiff also submits a portion of the transcript of the hearing before the mental hygiene commissioner of Kanawha County, and that shows in addition to the foregoing, that Hedges came into the State of West Virginia and took $40,000 out of Wolfe's bank account and that Bias was attempting to restore Wolfe's estate. The transcript further shows that Hedges herself instituted the incompetency proceedings, the very state action of which Hedges now complains. The transcript further shows that Wolfe was referred to a local hospital for observation.

In the documentation supplied by the Defendants, all of which remains unrebutted by the Plaintiff, contains a civil judgment against Hedges in the amount of $95,000 on behalf of Wolfe, $40,000 in compensatory damages and $55,000 in punitive damages, arising from Hedges' withdrawal of funds from Wolfe's bank account. In the opinion by the Honorable Elizabeth V. Hallanan as Special Commissioner for the County Commission of Kanawha County, the Special Commissioner found that Hedges raised no substantive complaint about Allinder's ability to carry out the fiduciary responsibilities of being appointed the committee for Wolfe. Hedges complained that Allinder should not be appointed the committee because "she just wants to be in charge." (Defendants' Exhibit C, Defendants' Memorandum of Law in Support of their Motion to Dismiss filed October 2, 1984.)

Thus, the Court is presented with a case by an unsuccessful state litigant who is dissatisfied with the result of the incompetency proceeding which she herself initiated. In the state proceeding she concedes that there is no just reason why Allinder should not represent Wolfe. Further, Hedges attempts to impute state action into the success of *her* adversaries in the state proceedings, precisely the proposition rejected by the *Edmondson Oil* case. The cases cited by the Plaintiff which hold that committees for incompetents could be substituted if found hostile to the interests of the incompetent do not help Hedges. Hedges cannot adduce facts which show Allinder's or Bias' interests oppose that of the incompetent Wolfe. Quite to the contrary, it is the interests of Hedges, who owes the incompetent $95,000, which are hostile to the interest of Wolfe.

Therefore, upon the undisputed facts, the Plaintiff lacks standing to represent Grace Catherine Wolfe in the above styled action, and the Defendants' conduct did not occur under the color of state law.

---

**3.** The Court accepts at face value the affidavit made out and signed by the Plaintiff's attorney, although the Court is aware of the dubious propriety of this practice. West Virginia Code of Professional Responsibility Canon 5, DR 5–101(B) (lawyer should not accept case in which he may be called on to testify). While DR 5–102 would appear to warrant withdrawal of the Plaintiff's attorney, the Court finds the affidavit offered of no consequence in setting forth a genuine issue of fact.