**Ernest EMSWILER, Plaintiff,**

**v.**

**Ira McCOY, Wayne Lumber Company, Gary Osburn and the State of West Virginia, Defendants.**

Civ. A. No. 3:85–0462.

United States District Court,
S.D. West Virginia,
Huntington Division.

Nov. 21, 1985.

Michael C. Allen, Allen & Bibb, Charleston, W.Va., for plaintiff.

George D. Beter, Huntington, W.Va., for McCoy.

R. Carter Elkins & R.G. McNeer, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Huntington, W.Va., for Osburn and State of W.Va.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are the motions for summary judgment filed on behalf of each of the Defendants. The Plaintiff is the owner and operator of Kanawha Landscaping Service, which has been engaged in specialty contracting in West Virginia since 1970. In September, 1983, the Plaintiff was completing a landscaping at Beechfork Lake Campground. The Plaintiff went to Wayne Lumber Company, where he had done business before, to order mulch. Emswiler told a clerk that the entire sum owing for the mulch, which was ordered by the truckload, would be paid for at the conclusion of the project. The Plaintiff did not deal directly with Ira McCoy. The clerk said nothing about cash on delivery. Emswiler's employees did not report to Emswiler any demand for payment upon delivery of the mulch.

Ira McCoy, the owner of Wayne Lumber Company, as sole proprietor, states that he sold mulch to Emswiler in September, 1983, and that Emswiler agreed to pay him for five loads of mulch—with payment in full upon the fifth load. Emswiler was not present at the delivery of the fifth load and thereafter left the area where the work was being done. McCoy states he sent three statements requesting payments from September, 1983, through April, 1984 —none of which were paid. McCoy states he resorted to filing a criminal complaint under *W.Va.Code*, § 61–3–24 because he believed a crime had been committed.

In October or November, 1983, Emswiler was paid by the West Virginia Department of Natural Resources for the Beechfork project and he thereafter directed payment on all outstanding bills. Emswiler does not recall receiving a bill or invoice, and he is not able to find one on file. Emswiler states that he never refused to pay, he simply forgot and was not reminded by a bill, phone call or any other attempt to collect until arrested and charged for a felony violation of *W.Va.Code*, § 61–3–24, charging taking of property under false pretenses.

McCoy holds no public office nor does he have any other association with the State of West Virginia. He states he acted alone and denies any conspiracy with a public official. Also, Defendant Magistrate Gary Osburn and the State of West Virginia offer as exhibits to the complaint the summons and warrant signed by McCoy and Osburn, and the warrant for arrest signed by Osburn. From this transaction, Emswiler files this complaint claiming violation of 42 U.S.C. § 1983 against McCoy, Osburn and the State of West Virginia.

42 U.S.C. § 1983 provides in pertinent part:

"Every person who under color of any statute, ordinance, regulation, custom or useage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdic-

tion thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in the action at law, suit in equity, or other proper proceeding for redress."

The claim against the State of West Virginia raises three problems. First, a state is not a "person" under Section 1983. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690 n. 54, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978); *Ligon v. State of Maryland*, 448 F.Supp. 935, 939 (D.Md.1977). Second, the Eleventh Amendment bars an action for damages against a state. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Moreno v. University of Maryland*, 645 F.2d 217, 220 (4th Cir.1981). And third, the state cannot be made liable under a theory of *respondeat superior*. *Monell*, 436 U.S. at 691, 98 S.Ct. at 2036.

■ With respect to Defendant Osburn, the issue of judicial immunity is raised. Judges are absolutely immune from damage liability for judicial acts unless done in clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Cogar v. Strickler*, 570 F.Supp. 34 (S.D.W.Va.1983).

■ With respect to Defendant McCoy, the issue of whether McCoy is a person acting under color of state law is raised. A private person who institutes proceedings against another does not thereby become a state actor. *Monroe v. Pape*, 365 U.S. 167, 185, 81 S.Ct. 473, 483, 5 L.Ed.2d 492 (1961); *Wolfe by Hedges v. Bias*, 601 F.Supp. 426, 428 (S.D.W.Va.1984). State action is present if the conduct allegedly causing the deprivation of federal rights may be fairly attributable to the state. *Lugar v. Edmondson Oil*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753–54, 73 L.Ed.2d 482 (1982).

■ In the instant action, the State of West Virginia is not proceeded against because of any policy or custom it possesses, but only because the state employs Magis-

trate Osburn. Emswiler's argument that "a state can act only through its agents" fails to recognize the clear ruling of *Monell*. Emswiler claims only money damages and is, therefore, further barred by the Eleventh Amendment. Lastly, Emswiler fails to confront the problem of West Virginia's status as a sovereign and not as a person under Section 1983. As Emswiler's complaint fails to state a cause of action against the State of West Virginia, and because upon the undisputed facts it appears that the State of West Virginia is entitled to judgment as a matter of law, the State of West Virginia's motion for summary judgment is granted.

■ Osburn is a magistrate and is, therefore, entitled to judicial immunity. *Logan v. Shealy*, 660 F.2d 1007, 1013 (4th Cir.1981); *Timmerman v. Brown*, 528 F.2d 811, 812 (4th Cir.1975); *Hearn v. Hudson*, 549 F.Supp. 949, 961 (W.D.Va.1982). No question has been raised as to Osburn's constitutional or statutory authority as a magistrate to issue warrants for arrest or to certify that a complaint for summons was filed under oath. *Cf. Adkins v. Adkins*, 459 F.Supp. 406 (S.D.W.Va.1978). The only claim against Osburn is for money damages and, therefore, Osburn is wholly immune to this action under the undisputed facts and Osburn's motion for summary judgment is granted.

Emswiler mentions conspiracy once in his complaint without suggesting factually the element of agreement. Further, the complaint states only that the Defendants "acted together." Emswiler encountered the affidavit of McCoy in preparing his response to McCoy's motion for summary judgment, and Emswiler asked for an opportunity to file a counter-affidavit (Reply Memorandum of Law in Opposition to Defendant Ira McCoy's Motion to Dismiss filed July 5, 1985 at p. 4). Despite Emswiler's opportunity to contradict McCoy's statement that he had not agreed with anyone and he did not have an illegal purpose, Emswiler does not present any factual refutation of this claim.

■ Emswiler does file an affidavit which states that he does not remember being billed three times for the goods he purchased, and he further states that he forgot that he owed Wayne Lumber Company sums of money for the mulch for several months. This does not place in issue the fact that McCoy had an unpaid debt, a debtor which had moved away from the job site where McCoy had his only dealings with Emswiler besides McCoy's own store, and a debtor that had disregarded three invoices. McCoy, therefore, had reason to believe that he had been deprived of his goods by a false promise to pay.

■ Emswiler argues that *Voytko v. Ramada Inn of Atlantic City*, 445 F.Supp. 315 (D.N.J.1978) supports his theory that McCoy acted under color of state law and that this action states a claim under 42 U.S.C. § 1983. *Voytko* is distinguishable from this case in at least three respects. First, the district court addressed the issue as follows: "The narrow question now considered is whether the action by a hotel and its agents in filing *and prosecuting* a criminal complaint under a defrauding on innkeeper statute, when the hotel's retained attorney acts as prosecutor, amounts to state action." 445 F.Supp. at 321. McCoy here only filled out the complaint alleging criminal activity. Emswiler's complaint itself does not claim that McCoy took any action further than this.

Second, *Voytko* concerned a debt which was disputed. Emswiler admits that he owed the debt sought to be collected by McCoy. Third, *Voytko* states that criminal process had issued without probable cause; in this action, the undisputed facts show that probable cause existed.

These matters are in addition to the fact that McCoy did not retain a private attorney to act as prosecutor in the matter, and that he had no role in prosecuting the action beyond the filing of the criminal complaint.

■ The Court further notes that while Wayne Lumber Company is nominally charged as a Defendant, it is not cited with independent wrongful conduct. Wayne Lumber Company occupies the same position of McCoy and is, therefore, properly entitled to summary judgment on the same grounds as McCoy's summary judgment. Additionally, Wayne Lumber Company could only conceivably be charged here under the same defective *respondeat superior* theory alleged against the State of West Virginia and for this reason is also entitled to judgment as a matter of law.

Accordingly, upon the undisputed facts, the Court determines that each of the Defendants is entitled to judgment as a matter of law on Count One of the Plaintiff's complaint alleging violation of Section 1983.

Count Two of the Plaintiff's complaint alleges a cause of action for malicious prosecution. As these parties are not diverse, and as the Court has determined that there is no federal question involved in this action, the Plaintiff's second cause of action will be dismissed without prejudice for lack of subject matter jurisdiction.

The Court determines that there exists the remaining issue of whether the Plaintiff's complaint is frivolous under 42 U.S.C. § 1988 and without basis in fact or law under *Rule* II, Federal Rules of Civil Procedure, with regard to the Plaintiff's claims against Defendants Osburn and the State of West Virginia. Accordingly, the Court would direct that the Plaintiff Emswiler file a memorandum and/or documents with this Court not later than twenty-one days after the date this Order is entered to demonstrate why fees should not be awarded against the Plaintiff in this action on behalf of Defendants Osburn and the State of West Virginia. The Court may deem the issue ripe for ruling upon the passing of twenty-one days, or the Court may request further briefing from counsel for the Defendants on this issue.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to counsel of record.